IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMED NAGISALEH, #A 073658585 § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-1139-K |
| § | | |
| ALFREDO CAMPOS, et al., § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties: At the time of filing this action, Petitioner was incarcerated at the Rolling Plains Detention Center in Haskell, Texas. According to Respondent, he was removed from the United States about three months ago.

Respondents are Dallas Field Operations Director Alfred Campos, Dallas Field Operations Director Nuria T. Prendes, ICE Detention and Removal Operation Director James T. Hayes, and Homeland Security Secretary Janet Napolitano, and Assistant Secretary John T. Morton. The court issued process in this case.

Statement of Case: On June 15, 2009, Petitioner filed this habeas corpus action challenging his detention pending removal pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In their August 3, 2009 response, Respondents advised the court that Petitioner was cleared for departure and that his flight to Yemen was scheduled for July 29, 2009.  (*See* Response at 3 and at Exh. 1, ¶ 15).  Petitioner has neither objected nor filed a pleading in this case in over three months.

     <u>Findings and Conclusions:</u>  Petitioner's removal from the United States requires the Court to examine whether it has jurisdiction over the instant action.  *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

     "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined.  *Lane v. Williams,* 455 U.S. 624, 631 (1982).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."  *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

     The only relief sought in this matter was release from custody pending removal.  Since Petitioner was removed from the United States, his sole ground for relief is now moot and this court lacks jurisdiction to consider his petition.  *Odus v. Ashcroft*, 61 Fed. Appx. 121, 2003 WL 342719, 1 (5th Cir. 2003) (unpublished per curiam) (removal moots habeas petition seeking release from detention under *Zadvydas*); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th

2

Cir. 2002) (same).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction the same being moot.

Signed this 27th day of October, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.